# EXHIBIT A

## SETTLEMENT AGREEMENT

The Settlement Agreement entered into on this 15th day of August, 2016, is between Dr. Hauschka Skin Care, Inc. ("Dr. Hauschka"), on one hand, and Janus Trade Group LLC ("Janus"), Mission Medical Supplies, LLC ("Mission"), Blaze Trade Group ("Blaze"), David Chera ("Chera"), and Stuart Husney ("Husney"), on the other. Janus, Mission, Blaze, Chera, and Husney shall be collectively referred to as the "Mission parties". All parties to this Agreement, including Dr. Hauschka shall be collectively referred to as the "Parties".

## RECITALS

WHEREAS Dr. Hauschka brought a lawsuit against the Mission parties styled, *Dr. Hauschka Skin Care, Inc. v. Janus Trade Group LLC et al.*, in the U.S. District Court for the Eastern District Of New York, Case No. 1:16-cv-262 (the "Lawsuit"), seeking injunctive relief and damages;

WHEREAS, Dr. Hauschka has alleged that it is the exclusive licensee of registered and unregistered Dr. Hauschka trademarks (the "Hauschka marks") in connection with the importation and sale of DR. HAUSCHKA-branded products manufactured for re-sale, distribution and use in the United States;

WHEREAS, Dr. Hauschka maintains that the DR. HAUSCHKA-branded products and the DR. HAUSCHKA brand are famous and well-known for superior quality skin care and cosmetic products, and that DR. HAUSCHKA-branded products are comprised of superior quality ingredients, including biodynamic ingredients, and are typically sold in boutique stores, spas, upscale salons, and pharmacies;

WHEREAS, Dr. Hauschka has alleged that the Mission parties have infringed its rights in and under the Hauschka marks in connection with their importation, sale and distribution of Hauschka-products not authorized or intended for sale and distribution within the United States ("non-US designated DR. HAUSCHKA products");

WHEREAS, the Mission parties (including Husney, who has voluntarily entered into the Agreement on behalf of the "John Doe" Defendants named in the lawsuit) deny the allegations in the Lawsuit and deny any wrongdoing that would subject them, either individually or collectively, to liability to Dr. Hauschka;

WHEREAS, the Mission parties have represented to Dr. Hauschka as a material inducement for this Agreement, that they have completely disclosed: all of their purchases of non-US designated DR. HAUSCHKA products; all revenues from sales and re-sales of such non-US designated DR. HAUSCHKA products; and all customers to which it sold such products (with the exception of direct internet sales in to individual consumers);

WHEREAS, the Mission parties have further represented to Dr. Hauschka as a material inducement for this Agreement that they will not ever again import into, or distribute or sell in,

- 1 -



the United States of America any non-US designated DR. HAUSCHKA products (as set forth below); and

WHEREAS, to avoid the costs and uncertainties inherent to the Lawsuit, the parties have agreed to resolve all disputes, claims, or potential claims including defenses and counterclaims between them up through the date of this Agreement which have been alleged or which could been alleged in the Lawsuit without the admission of wrongdoing by any party;

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements herein set forth, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby expressly acknowledged, the Parties covenant and agree as follows:

1. Recitals. The above recitals are true and correct, and are incorporated as set forth above.

2. Restriction as to Mission parties. The Mission parties, their agents, employees, representatives or others acting in concert with them, shall not ever again, directly or indirectly through nominees or other third parties, import into, or distribute or sell in, the United States of America any non-US designated DR. HAUSCHKA products.

3. Disclosure of Material Information. The Mission parties have made to Dr. Hauschka complete disclosure of: all their purchases of non-US designated DR. HAUSCHKA products; all revenues from sales and re-sales of such Dr. Hauschka products; and all customers to which it sold such products (with the exception of direct internet sales in to individual consumers). The Mission parties further verify that they are not in possession of any non-US designated DR. HAUSCHKA products, and that all inventory and Dr. Hauschka products acquired from overseas suppliers has been returned, destroyed or disposed of, except for samples of such products which the Mission parties will hold as evidence.

4. Settlement Amount. Within seven (7) days of this Settlement Agreement, the Mission parties shall to pay Dr. Hauschka $1,000 in full and complete settlement of all monetary claims in Lawsuit. The settlement sum shall be transmitted to Dr. Hauschka's counsel, payable to Dr. Hauschka.

5. Prospective Breach of Restriction and Consent Injunction. In the event it is necessary for Dr. Hauschka to enforce the terms or the restrictions set forth in this Agreement, upon submission to the Court (or any Court with jurisdiction) of verified proof of such violation, the Mission parties agree to the automatic entry of a Consent Injunction against the infringement of the Hauschka marks as necessary to enforce the terms of this Agreement and to protect the rights asserted in the Lawsuit, except that the Mission parties reserve all rights to contest the authenticity and accuracy of such proof, and of any and all inferences that Dr. Hauschka asks the Court to draw therefrom.

6. Liquidated Damages. The Parties agree that in the event of a determined breach of the Restrictions set forth above by any of the Mission parties or others acting under the control, guidance, or in concert with any of the Mission parties, the Mission parties shall pay to



Dr. Hauschka the sum of ten thousand dollars ($10,000) for each such incident of breach. The parties agree that the stipulated liquidated damages sum is a reasonable estimate of actual damages which Dr. Hauschka would suffer as a result of a future breach of the restrictions contained herein. It is difficult to measure exactly what damages Dr. Hauschka would otherwise be entitled to in the event of a breach, or in the event that Dr. Hauschka instead successfully pursued its claims in the Litigation. Under all circumstances, the Parties acknowledge the reasonableness of this sum, the difficulty to measure actual damages with any greater certainty, and confirm that the sum is not intended to be a penalty.

7. <u>General Releases</u>. The Parties mutually release each other as follows:

(a) Dr. Hauschka, on behalf of itself, its legal representatives, heirs, successors and assigns, for and in consideration of the promises, covenants, and commitments contained herein, does hereby remise, release, acquit, satisfy, and forever discharge the Mission parties, their agents, employees, representatives, successors and assigns, of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity which Dr. Hauschka or any of its legal representatives, heirs, successors, assigns, or representatives has or had against the Mission parties through the date hereof. Excluded from the scope and terms of this paragraph are all promises, commitments and continuing obligations contained in the Agreement.

(b) The Mission parties, on behalf of themselves individually and collectively, including all of their legal representatives, heirs, successors and assigns, for and in consideration of the promises, covenants, and commitments contained herein, do hereby remise, release, acquit, satisfy, and forever discharge Dr. Hauschka, its agents, employees, representatives, successors and assigns of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity which any and all of the Mission parties, including any of their legal representatives, heirs, successors, assigns, or representatives has or had against Dr. Hauschka through the date hereof. Excluded from the scope and terms of this paragraph are all promises, commitments and continuing obligations contained in the Agreement.

8. <u>Attorney's Fees</u>. The Parties agree that they shall each bear their own attorney's fees and costs incurred in connection with the Lawsuit. However, the prevailing party or parties in any legal proceeding to enforce the terms of this Agreement shall be entitled to recover from the non-prevailing party or parties, all costs of such enforcement or defense thereto, including reasonable attorney's fees incurred in connection with trial and appellate proceedings.

9. <u>No Admission of Wrongdoing</u>. The Parties agree that nothing in the fact of settlement, or in this Settlement Agreement, is or shall be an acknowledgement of wrongdoing by any of the other Parties.



10. **Authority to Sign.** The persons executing this Agreement on behalf of Dr. Hauschka, Janus, Mission, and Blaze, are authorized to do so on behalf of each of those entities and their respective members, shareholders, officers, employees and directors. Further all Parties have the legal capacity and are authorized to sign and bind themselves to this Agreement.

11. **Waiver of Term, Provision or Condition.** The waiver by the Parties of a violation of any provision of this Agreement by the other shall not operate or be interpreted as a waiver of any later violation of that provision or any other provision.

12. **Final Agreement:** No covenants, agreements, representations or warranties of any kind whatsoever have been made by any of the Parties, except as specifically set forth in this Settlement Agreement.

13. **Effective Date.** This Agreement shall become effective on the date of the last signature to the Agreement.

14. **Amendments in Writing.** No provisions of this Settlement Agreement shall be amended, waived or modified except by an instrument, in writing, signed by the parties thereto.

15. **Construction of Terms.** In construing this Agreement, the singular shall include the plural, the plural shall include the singular, and the use of any gender shall include every other and all genders. This Agreement shall not be construed more strictly against one party than against any other merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that all have been represented by competent counsel and each of the Parties contributed substantially and materially to the preparation, review and negotiation of this Agreement.

16. **Execution in Counterparts.** This Agreement may be executed in any number of counterparts, each of which, when executed and delivered, shall be an original, but all counterparts shall together constitute one and the same instrument. A photocopy, scan or facsimile of the signatures of the respective parties of this Agreement shall be deemed to be an original for all purposes.

17. **Governing Law, Venue and Retention of Jurisdiction.** This Agreement is to be construed and enforced according to the laws of the New York, except as governed by federal law, including specifically the Lanham Act. The Parties agree that venue for any action to enforce the terms of this Agreement shall be in the United States District Court Eastern District of New York. The parties shall further request and will stipulate that the Court in the Lawsuit shall retain jurisdiction to enforce the terms of this Agreement, provided that the Court is willing to do so.

18. **Severability.** The Parties acknowledge and represent that they have the authority to execute this Agreement. The Parties have had the opportunity to consult with counsel of their choosing, who have reviewed and commented on this Agreement. If any provisions of this Agreement, or the application thereof to any person or circumstance, shall, for any reason and to any extent, be adjudicated or held invalid or unenforceable, but the extent of the invalidity or



unenforceability does not destroy the basis of the bargain between the parties as contained herein, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby but rather shall be enforced to the greatest extent permitted by law.

19. **Further Assurances.** Each of the Parties shall use all reasonable efforts to bring about the transaction contemplated by this Agreement as soon as practicable, including the execution and delivery of all instruments, assignments, and assurances, and shall take or cause to be taken such reasonable further or other actions necessary or desirable in order to carry out the intent and purposes of this Agreement.

20. **Survival.** This Agreement shall be binding upon, and inure to the benefit of the parties, their respective heirs, legal representatives and successors.

By: _[signature]_Date: 8/15/16
Dr. Hauschka Skin Care, Inc.

By: _____Date: _____
Janus Trade Group LLC

By: _____Date: _____
Mission Medical Supplies, LLC

By: _____Date: _____
Blaze Trade Group

By: _____Date: _____
David Chera

By: _____Date: _____
Stuart Husney

ACTIVE: 8861473_1

- 5 -

unenforceability does not destroy the basis of the bargain between the parties as contained herein, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby but rather shall be enforced to the greatest extent permitted by law.

19. <u>Further Assurances</u>. Each of the Parties shall use all reasonable efforts to bring about the transaction contemplated by this Agreement as soon as practicable, including the execution and delivery of all instruments, assignments, and assurances, and shall take or cause to be taken such reasonable further or other actions necessary or desirable in order to carry out the intent and purposes of this Agreement.

20. <u>Survival</u>. This Agreement shall be binding upon, and inure to the benefit of the parties, their respective heirs, legal representatives and successors.

By: _____  Date: _____
    Dr. Hauschka Skin Care, Inc.

By: _____  Date: _____
    Janus Trade Group LLC

By: _____  Date: _____
    Mission Medical Supplies, LLC

By: _____  Date: _____
    Blaze Trade Group

By: _____*/s/ DC*_____  Date: 8/16/16
    David Chera

By: _____  Date: _____
    Stuart Husney

ACTIVE: 8861473_1

unenforceability does not destroy the basis of the bargain between the parties as contained herein, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby but rather shall be enforced to the greatest extent permitted by law.

19. Further Assurances. Each of the Parties shall use all reasonable efforts to bring about the transaction contemplated by this Agreement as soon as practicable, including the execution and delivery of all instruments, assignments, and assurances, and shall take or cause to be taken such reasonable further or other actions necessary or desirable in order to carry out the intent and purposes of this Agreement.

20. Survival. This Agreement shall be binding upon, and inure to the benefit of the parties, their respective heirs, legal representatives and successors.

By: _____          Date: _____
     Dr. Hauschka Skin Care, Inc.

By: _____[signature]_____          Date: 8/16/2016
     Janus Trade Group LLC

By: _____[signature]_____          Date: 8/16/2016
     Mission Medical Supplies, LLC

By: _____[signature]_____          Date: 8/16/2016
     Blaze Trade Group

By: _____          Date: _____
     David Chera

By: _____[signature]_____          Date: 8/16/2016
     Stuart Husney

ACTIVE: 8861473_1